# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 02-891V
Filed: May 6, 2014
NOT TO BE PUBLISHED

RECEIVED
MAY - 6 2014
OFFICE OF THE CLERK
U.S. COURT OF FEDERAL CLAIMS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

MARIA CORRALES,
parent of DJK, a minor,

           Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

           Respondent.

Autism; Failure to Prosecute;
Failure to Follow Court
Orders; Dismissal

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DECISION[1]

Petitioner filed a Petition for Vaccine Compensation in the National Vaccine Injury Compensation Program ("the Program"),[2] on July 26, 2002, alleging that her child, DJK, was injured by a vaccine or vaccines listed on the Vaccine Injury Table. *See* § 14.  I hereby dismiss this petition because Petitioner has failed to prosecute or prove this case.

### I

### PROCEDURAL BACKGROUND

On October 21, 2002, Respondent filed Respondent's Report, which asserted that the petition in this case failed to state with particularity the circumstances surrounding the claim and was not accompanied by materials required to be filed with a petition *(i.e.-* contemporaneous medical records). Respondent contended that such materials were needed to assess the medical and legal merits of the Petitioner's claim. *(Id.)*

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.*(2006) (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

On June 14, 2011 Petitioner was ordered to inform the court within thirty days whether she wished to proceed with this claim, or if she wished to exit the Vaccine Program. If Petitioner wanted to proceed, Petitioner was required to file an amended petition that was fully compliant with §300 aa-11(c), and that clearly explained the theory of vaccine causation in this case. After several unopposed motions for extensions of time, on August 15, 2011, Petitioner filed an amended petition for vaccine compensation. By my Order dated August 26, 2011, Petitioner was put on notice that she would need an expert report to advance her case.

On September 6, 2011, Petitioner filed medical records. On November 28, 2011, Petitioner filed a status report, stating that her counsel was still in the process of trying to contact Petitioner regarding any missing medical records and obtaining a potential expert to review DJK's complete medical records. Furthermore, on January 27, 2012, Petitioner's counsel filed a status report stating that Petitioner was out of the country and that counsel tried to contact Petitioner several times by telephone with no response. Petitioner's counsel continued to file status reports through May 30, 2012, stating that Petitioner's counsel could not contact Petitioner and had not obtained an expert report.

On June 28, 2012, I ordered Petitioner to show cause as to why this case should not be dismissed for failure to prosecute. That order also required Petitioner to provide the court with all relevant medical records within sixty days. On November 29, 2012, Petitioner filed certain additional medical records.

On December 7, 2012, I filed an Order noting that Petitioner had been under order to file an expert report in this case for over fifteen months, but had yet to file that report. Petitioner was ordered to file an expert report by February 7, 2013.

For the next eleven months, Petitioner's motions for extension of time were granted. In January of 2014, Petitioner's counsel of record withdrew from the case. On January 15, 2014, Petitioner was ordered to inform the court, within thirty days, how she wished to proceed with her case. Petitioner failed to respond at all to that Order.

## II

## THE OMNIBUS AUTISM PROCEEDING ("OAP")

This case is one of more than 5,400 cases filed under the Program in which petitioners alleged that conditions known as "autism" or "autism spectrum disorders" ["ASD"] were caused by one or more vaccinations. A detailed history of the controversy regarding vaccines and autism, along with a history of the development of the OAP, was set forth in six decisions issued by three special masters as "test cases" for two theories of causation litigated in the OAP, as described below, and will not be repeated here.

Ultimately, the Petitioners' Steering Committee ["PSC"], an organization formed by attorneys representing petitioners in the OAP, litigated six test cases presenting two different theories on the causation of ASDs. The first theory alleged that the measles portion of the measles, mumps, rubella vaccine could cause ASDs. That theory was presented in three separate

Program test cases during several weeks of trial in 2007. The second theory alleged that the mercury contained in thimerosal-containing vaccines could directly affect an infant's brain, thereby substantially contributing to the causation of ASD. That theory was presented in three additional test cases during several weeks of trial in 2008.

Decisions in each of the three test cases pertaining to the PSC's *first* theory rejected the petitioners' causation theories. *Cedillo v. HHS*, No. 98-916V, 2009 WL 331968 (Fed. Cl. Spec. Mstr. Feb. 12, 2009), *aff'd*, 89 Fed. Cl. 158 (2009), *aff'd*, 617 F.3d 1328 (Fed. Cir. 2010); *Hazlehurst v. HHS*, No. 03-654V, 2009 WL 332306 (Fed. Cl. Spec. Mstr. Feb. 12, 2009), *aff'd*, 88 Fed. Cl. 473 (2009), *aff'd*, 604 F.3d 1343 (Fed. Cir. 2010); *Snyder v. HHS*, No. 01-162V, 2009 WL 332044 (Fed. Cl. Spec. Mstr. Feb. 12, 2009), *aff'd*, 88 Fed. Cl. 706 (2009).[3] Decisions in each of the three "test cases" pertaining to the PSC's *second* theory also rejected the petitioners' causation theories, and the petitioners in each of those three cases chose not to appeal. *Dwyer v. HHS*, No. 03-1202V, 2010 WL 892250 (Fed. Cl. Spec. Mstr. Mar. 12, 2010); *King v. HHS*, No. 03-584V, 2010 WL 892296 (Fed. Cl. Spec. Mstr. Mar 12, 2010); *Mead v. HHS*, No. 03-215V, 2010 WL 892248 (Fed. Cl. Spec. Mstr. Mar. 12, 2010). Thus, the proceedings in those six test cases concluded in 2010. Thereafter, Petitioner in this case, and petitioners in other cases within the OAP, were given instructions concerning how to proceed, if they chose to do so. (*See* the Order filed in this case on Aug. 26, 2011.)

### III

### FAILURE TO PROSECUTE

Although I am deeply sympathetic regarding DJK's disorder, it is still Petitioner's duty to respond to court orders, and to prove her case. I note that Petitioner has been under order to file an expert report in this case for nearly three years. (*See* my Orders filed August 26, 2011, June 28, 2012, December 7, 2012, March 27, 2012, and January 15, 2012.) The case was filed in 2002, and has not proceeded toward a resolution yet. As I reminded Petitioner in my Order of January 15, 2014, failure to follow court orders, as well as failure to file medical records or an expert medical opinion, must result in dismissal of Petitioner's claim. *Tsekouras v. Sec'y, HHS*, 26 Cl. Ct. 439 (1992), *aff'd per curiam*, 991 F.2d 810 (Fed. Cir. 1993); *Sapharas v. Sec'y, HHS*, 35 Fed. Cl. 503 (1996); Vaccine Rule 21(b).

### IV

### CAUSATION IN FACT

To receive compensation under the Program, Petitioner must prove either 1) that DJK suffered a "Table Injury" – *i.e.*, an injury falling within the Vaccine Injury Table – corresponding to one of DJK's vaccinations, or 2) that DJK suffered an injury that was actually caused by a vaccine. *See* §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). Under the Vaccine Act, a special master cannot find that Petitioner has proven her case by a preponderance of the evidence, based upon

---

[3]The petitioners in *Snyder* did not appeal the decision of the U.S. Court of Federal Claims.

"the claims of a Petitioner alone, unsubstantiated by medical records or by medical opinion." §300aa-13(a). Petitioner has failed to file sufficient evidence in this case. My examination of the filed medical records did not uncover any evidence that DJK suffered a "Table Injury," or a vaccine-caused injury. Furthermore, Petitioner did not file an expert report.

Accordingly, it is clear from the record in this case that Petitioner has failed to demonstrate either that DJK suffered a "Table Injury" or that DJK's injuries were "actually caused" by a vaccination. Further, Petitioner has been repeatedly ordered since 2011 to file an expert report opining that DJK has a vaccine-caused injury, but she has failed to do so, nor does it appear that there is any serious prospect that she will do so. Therefore, despite my sympathy for Petitioner and for DJK, **this case is dismissed for insufficient proof and for failure to prosecute. The clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

George L. Hastings, Jr.
Special Master